PER CURIAM.
Gary Patterson filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging his plea was involuntary and his sentence was illegal. Because the trial court denied relief without attaching documents which would refute his claims, this case is remanded to the trial court for either attachment of those portions of the record that would demonstrate he is not entitled to any relief or an evidentiary hearing.
The appellant was convicted after pleas of guilty to three counts of armed robbery. He was sentenced to seven years with a minimum mandatory of three years on each count, each sentence to run concurrently. No appeal from the judgments and sentences was taken.
In his postconviction motion, appellant alleges his pleas were involuntary because he had been scared into pleading. He also alleges the minimum mandatory portion of his sentences was illegal since he did not possess a firearm during the commission of the robberies. The trial court denied relief and attached a copy of the plea form and a copy of the transcript of a hearing held on December 22, 1993. That transcript is of a hearing [1] which occurred after the initial plea hearing and before the sentencing hearing. Neither the plea form nor the transcript is sufficient to demonstrate the defendant is not entitled to relief.
We therefore remand this case to the trial court for attachment of the documents which would refute his claims or to conduct an evidentiary hearing.
Reversed and remanded.
CAMPBELL, A.C.J., and BLUE and QUINCE, JJ., concur.

. At the December 22, 1993, hearing appellant’s attorney was dismissed and the public defender's office was appointed to represent him. The parties did not discuss the circumstances surrounding appellant’s commission of these crimes.